FILED
12/20/2014 5:59:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Cecilia Barbosa

CAUSE: 2001-CI-16843

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 3:09:00 PM
KEITH E. HOTTLE
Clerk

MICHAEL THOMAS PAUL (PLAINTIFF)   §  IN THE DISTRICT COURT

VS   §  # 225

GREG ABBOT ATTORNEY GENERAL   §
FOR THE STATE OF TEXAS(DEFENDANT)  §  BEXAR COUNTY, TEXAS


**FIRST AMMENDED AFFFIDAVIT OF APPEAL**


Appellant IS pro se.  The hearing set and heard in presiding court Bexar County on December 5th, 2014 was requested by DINAH GAINES, Chief Staff Attorney Bexar County Civil District Courts as a malicious filing in an attempt to silence this cause once and for all.  Let it be known that respondents first attorney RANDOLPH V. GONZALEZ - SBN:08131200 appeared for hearing and filed a motion for continuance stating that no notice had been given per Tex. R. Civ. P. 21 and that he needed more time to prepare an answer since he was unfamiliar with the particulars of the filed suit. Plaintiff would show E-file and E-serve confirmation on October 06, 2014 to Attorney General who sent Mr. GONZALEZ because he had represented the defendant in Justice Court, Comal County, Texas less tan a week before in this same issue.  Plaintiff was unfamiliar with the Texas Rules of Civil Procedure when he filed in small claims court for 10,000 plus damages and other relief as the court would see fit.  Because there was a lack of inherent jurisdiction the Justice stated she was not eligible to make any rulings and had to grant the defendants motion to dismiss for lack of jurisdiction.  Again being a novice Propia Persona litigant Plaintiff was unaware regarding the legalese language when the judge granted the motion it was with Prejudice.  Plaintiff stopped at the clerks office before leaving the facility to enquire of the Judge if he needed to file in Bexar County which was the correct court having jurisdiction or was an appeal necessary first.  The clerk returned and stated that

the judge said If I wanted to file an appeal it must be done within 10 days and I was free to make my own decision since they could not give legal advice. Plaintiff believing that he just needed to file in the proper court that retains jurisdiction in family court cases as dedicated by the Judicial Court System in TEXAS and the designated family courts where the 225th of Bexar county being the originating court was the only court allowed to hear pleadings regarding this cause. Plaintiff attempted to efile the necessary documentation to reopen the initial cause which is the subject of this suit but was denied by the clerks office on more than one occasion. The First time was told that this cause is closed and that a new affidavit of Indigency had to be submitted. When Plaintiff filed in person the initial filing was file stamped September 22, 2014 and two stamped copies were sent for service of notice requested by the Sheriff. The next afternoon the Plaintiff receives an email from the district clerks office stating that the petition submitted had nothing to do with the original divorce and it was being issued a new cause number. Plaintiff replied to the email stating that the petition was everything to do regarding the divorce proceeding and if the clerks office attempted to bypass the record then plaintiff would be forced to report the issue for judicial review. October 05th, 2014 hearing in presiding was scheduled when initial filing was done September, 22, 2014. Plaintiff was not on the docket for the case he filed into but instead had received a new case number from the clerks office and was asked if he could show service to the opposing party. Plaintiff returned to the District Clerk who stated that since the cause number was a new one he would need to refile requests for service under the new number. when he enquired to the clerk he sent the reply to was told that he was told to do it. After demanding the corrected filing into the original cause number and completing another set of request for service which was a duplicate to what was filed on September 22, 2014 plaintiff returned to presiding court and made a formal complaint to the court clerk regarding the intentional misfiling of his petition and requests for service and asked if the judge would see him. Because the presiding judge was still on the bench and had overheard the conversation she agreed to hear from the plaintiff but stated she could make no judgments regarding the petition for temporary injunction and declaratory relief. After reading the petition and seeing the attached exhibits as evidence regarding the petition for declaratory relief and temporary injunction the presiding judge stated that the

plaintiff should go out front and file a setting for a new date. Plaintiff did as instructed and was giving the earliest date that the court was hearing and proceeded to give notice to the defense regarding the new date.

There has been attempt after attempt after attempt to keep this case from being justly adjudicated  and plaintiff contends that the district clerks office including the staff attorney are corrupt and have violated procedure and even laws regarding the theft of over $11,600 from plaintiffs Social Security Disability.  Plaintiff learned through the staff attorney before she knew whom he was, that there had been no filings in the original case since the divorce decree of May 2002.  Upon learning this information plaintiff began to suspect that there was more than just the intentional filing of a civil judgment claiming he owed $5,140.00 to the state and it appeared on his credit reports causing emotional distress, pain and suffering and his public image was so defamed to make him appear as a DEAD BEAT DAD for not paying his child support as ordered by the court.  The only problem with that is the Termination Order relinquishing the parent child relationship with his daughter that was done ex parte in December of 2004 that also ended with no other relief so ordered.  Had the plaintiff been so behind in his support to the child it would have been pleaded heavily by the state and a request for an order for contempt to compel payment issued.  Yet the state made no claims and the Oblige also made no claims as to not receiving support payments.  Then 6 months after the termination the US Social Security Administration receives a writ for withholding for garnishment of wages to continue from 05 through 09 when plaintiff finally learns that the withholding was being paid to the state of Texas accumulating to $11,600 as reported by an audit he initiated after providing the order to the administration from the  December 2004 order of termination and stopped the garnishments are administratively from further payment. Then Plaintiff received a court stamped judgment for an additional $5140.00 beyond the $11,600.00 so erroneously seized and was issued against REAL property had the plaintiff had any.  Plaintiff telephoned the District clerk and stated that he owed nothing and that he was a victim of theft by deception and that the lien was not dully owed.  The clerk stated that he needed to contact the attorney generals office directly which is what he did and was immediately told that they would conduct an internal investigation and would

h        t

get back with h        t more than likely the money had been paid to the oblige, plaintiffs ex wife and that if that were the case then he would need to take her to court to recover his money.   Every time plaintiff would call Austin to inquire the investigators he was placed on hold for 15 to twenty minutes before anyone would reply and their answer was always we still are doing an internal investigation but rest assured as soon as we determine what has happened you will be the first to know. Then in 2013 Plaintiff learns that the civil judgment had been reported to all three major credit bureaus and when he would inquire they would always state that they had verified the claim and he owed it.  Plaintiff requested investigations to the factual legitimacy of the lien but was never given any reply.  Then in 2014 when it was still appearing plaintiff gave written notice to cure the defect or face civil penalty upon which the investigations concluded that there was an error and the civil judgments were deleted. Plaintiff states Judgments as plural since there was also a fraudulent claim from Salano County California showing as receiving payments for child support and even had claimed some as 30-60-90 late but the account was being paid and current.  The reporting bureau has sent a letter showing complete deletion of these false claims.   It

is at this point in time that plaintiff filed formally with the Attorney Generals Chief Ombudsman requesting relief to have what was removed from him returned.  No statements of suit or seeking extra damages just return what was wrongfully taken.  Since the Office of the attorney general Chief Ombudsman is to initiate the report and contact the reporting party every quarter until final resolution and no administrative claim can be made that the investigation is completed and close the complaint which is required by the Texas Government code.  Plaintiff learned through the district clerks new online eservice that the court record showed 5 entries between 2003 and 2008 and plaintiff stated that no notice had been given per Tex. R. Civ. P. 21  not once but twice regarding the entries in the court database as to appear that orders were entered by a judge.  Plaintiff has since learned in the filing of this petition that the entries are just that.  Entries with no supporting documentation or actual orders issued by a district judge and the first was a change in place of payment and payee which led plaintiff to believe the entire time that the money was redirected to someone other than the original oblige and here he was

being told up until September that he needed to try and get it from the oblige  The OAG's office of child support enforcment and Mary Morton and her representing lawyer Mr. Randolph V. Gonzales SBN 08131200  filed their answer in Justice court stating that his only recourse is to sue the oblige as he has non other.

Between the intentional deceptive tricks and tactics to keep plaintiff from recovering his money that was illegally seized and entries in the clerks database that have no basis in fact other than they just appeared 2 years ago when they weren't' there the year before to they payment record given to plaintiff by the assistant attorney general Randolph Gonzalez which states that only $7,462.89 was ever owed and collected by the OAG child support enforcement division is just another of the false lies entered by the office of the attorney general in this cause especially since there was an official audit by the Social Security Administration and subsequent stamped copy of payments from local office clearly showing $11,600.00 then the entry of the fraudulent lien filed which constitutes a commission of a crime since the lien was for real property.

 It is at this point in time where plaintiff demands judicial review of the district clerks office of Bexar County Texas and there conspiracy to hide the truth and to continuously harass the plaintiff and file against a known physically disabled and indigent citizen to protect those that would break the law.  I request sanctions against the District court Attorney as well as sanctions against the office of the attorney generals which has and continues to file lie after lie and will even have an assistant attorney general commit perjury in open court to extend time to file whatever documents he wants and then have a visiting judge enter the courtroom who had no records in the case before him, nor access to the court computer to see that there were pending filed petitions preceding that needed to be addressed before the defendants ineligible claim to sovereign immunity because of the criminal misconduct that the state legislature has deemed the only reason for suit against the individual in his capacity as an employee of the state.

Appellant e-served a notice of hearing was e-filed and e-served to defendants of record setting for October 20th 2014. Appellant filed his original motion September 22, 2014 the

one the clerks office didn't serve and the filing was rejected e-file on October 06 but the document was e-served and confirmed as received by the defendant. On the 20th Defendant was represented by attorney Randolph V. Gonzales SBN 08131200 who pled not ready and motioned for continuance claiming to have no knowledge of the case due to not receiving notice until 3 days prior to court hearing. Appellant objected stating that the attorney for the defense was the same attorney who represented the Office of Child Support Collections Mary Morton in a prior suit filed in Justice Court for small claims in Comal County Justice Court #2 that was dismissed on September 18, 2014 for the courts lack of jurisdiction and with Prejudice. At the time Appellant inquired of the Justice of the Peace if the ruling she had just made was meant to prohibit him from filing in the correct venue of District #225 Bexar County where this case originated. The Justice of the Peace stated that he was not barred from taking his claim to that court or if he should so choose he was more than welcome to file an appeal to her ruling. Appellant at first stated that he intended to file the appeal but after looking up the statutes of law learned that if a case originates in a dedicated Family Law Court such as the one in the #225th Distinct court that the only court with concurrent jurisdiction was that same court to hear motions related to the original cause. So the presiding Judge referred the appellant and the defendant to another judge to her the motions. Appellant was ready and announced ready to proceed but the defense stated not ready he had not been served notice of the motion until October 16th 2014 and didn't know anything about the case. Appellant stated that this was a delay tactic and that he knew exactly what this case was about. So the Judge asked the Appellant if the defense had received the proper amount of time under Rule 21 and Appellant stated he did not know for sure. Since the Clerk's office changed everything up on him it was possible that the required numbers of days had not passed. At this time the Judge looked over the pleading and support documents decided to set the matter immediately for trial on merits for January 12, 2015 @ 9:30 am and also granted the defense attorney the continuance he asked for. On October 24th 2014 appellant received the defendants answer to original motion for injunction and summary judgment and was also given notice that defendants had requested a hearing on November 03, 2014 for a motion to dismiss claiming Sovereign Immunity. On November the appellant had efiled into the case recorded a Motion in Limine, a motion

for continuance, a motion for court appointed council. Upon entering the Presiding courtroom #2 on the 3rd of November the first case called on the docket was 2001 CI 16843 Appellant announced ready as did the Attorneys for the State who were representing the defendant. The appellant took note that this time there were two attorneys representing the defendant. The presiding Judge sent both parties to District Court #258 but Judge Richard Price was out and a visiting Judge Thomas F. Lee would be hearing the pleas. Appellant thought it extremely strange that there should be a visiting Judge since there are 14 other sitting judges in the county this day not until after the hearing did he learn that this judge had arrived at the last minute and was filling in for Judge Price. The name plaque on the bench wasn't even changed to reflect the Judge presently sitting on the judge's bench. As the hearing began the Judge addressed the defense and asked which of the two would be speaking for the defense. At this moment a new lawyer stood up and stated that his name was Assistant Attorney General Scott M. Graydon and he was representing the defendant. The judge inquired of the lawyer who represented the defendant on the 20th of October and he replied he was just there as an observer. Appellant motioned for the filing of a court appointed attorney that had been submitted to the court prior to this hearing. The Judge said that he didn't have a file and he made no attempt to look in the court computer which it appeared as though he didn't have access too. Appellant stated that he was attorney Pro Se and was representing himself so he proceeded to continue with the motion at which time the Judge said that this was not a criminal hearing and that an attorney was not warranted. Appellant then stated that he had been provided a court appointed attorney already in this same case when the State moved to terminate his parental rights back in 2004. And at that time he didn't request one when he had been pro se in the past. Upon reflection appellant now new that the appointed attorney that was provided in the past was placed there to abrogate his rights by being in court when he was not given notice to appear for the hearing December 2004 and attorney stated NOT READY but was over ruled and the motion carried by the then sitting Judge Saki of the 225th district court. Now when appellant needs representation the motion is denied. Then Appellant motioned for continuance that he had been contacted by the Rio Grand Legal Aid and had been given a client number for future representation but since the motion had been filed for court appointed attorney

they would wait upon the outcome of this hearing. If the court did not grant the motion for court appointed attorney than Rio Grand Legal Aid would represent him.  The Judge also denied that motion as well as the motion for continuance waiting upon a Motion of clarification that had been submitted to the Justice in the Prior Small Claims case against Mary Morton where the Justice of the Peace had dismissed with prejudice even though she dismissed for lack of jurisdiction to hear the pleadings therefore the issue at hand was not adjudicated by the court.  But the judge stated he knew exactly what she meant because she wrote it on the dismissal it said "WITH Prejudice" so this case has been heard and denied by another court so appellants motion for continuance is denied.  So then the judge addressed the defense and requested to hear their plea to the jurisdiction and how this case had been adjudicated by a prior court and even though the appellant had filed this suite against Greg Abbott and not Many Morton he was attempting to have the case heard a second time.  But even if the court were to hear his pleadings there is no way to not deny his motions due to the defendant having Sovereign immunity and the only time a suit can be brought is if the state gives up the right to sovereign immunity which it has not.  Then the defense made claim to how too much time had passed in this matter and it was past limitations.  But even if the appellant was able to persuade the court into thinking it should hear his pleadings thy can not because of Sovereign immunity.   The judge then asked the appellant how he wished to respond.  Appellant being disabled and handicapped wearing hinged knee braces on both legs didn't stand before responding and was immediately reprimanded and demanded to stand up when addressing the judge by the court bailiff.  Appellant apologized to the court then began with the first issue of adjudication by the prior court was a misstatement in the use of dismissing with prejudice since the claim was the courts lack of jurisdiction to hear the case to begin with by the defenses co counsel and since the court had no jurisdiction to hear the pleadings in the filed motion it should be clear to the court that the claims have not been adjudicated by being heard by proper authority where this court is that authority and should now hear this case. Second the claim of Sovereign Immunity appellant stated the stripping doctrine is what is being put to use in this matter as appellant is bringing a claim against Greg Abbott the individual and not the office of Attorney General and the stripping Doctrine waives the individual of protection using Sovereign Immunity when

the individual has broken the laws of Texas they are stripped of the protection afforded by Sovereign Immunity. The judge then stated he had never heard of that one before and He would have to look that one up. Then appellant stated he was bringing this claim against the individual and had filed the documents as Greg Abbott Attorney General for the State of Texas unlike the first suit in small claims court where he filed the papers as Office of the Attorney General Child Support Division and Mary Morton. And lastly the issue of limitations as the appellant had reported to the District clerk in 2009 the filing of a fraudulent court document that was meant to subject the appellant to real physical harm and mental anguish which was in sued by pain and suffering as well as his public record, image, and persona defaced and his standing in the community harmed by a false claim making him appear as a DEAD BEAT DAD that would not support his own child. Plus attempting to seize real personal property had he had any, it took more than 4 years to have that erased from the clerk's database and the three major credit bureaus. Unfortunately it still is causing harm because Nexus Lexis just issued a credit file to a loan company in which it stated delinquent civil judgment on public records even though appellant requested a credit file from them and was given a document stating that they keep no credit file they just pass on data that was supplied to them from a credit monitoring company but did not state to the lender that they are providing 3rd party data and can not guarantee the legitimacy of it. The lender made it appear as if Nexus Lexis was supplying the credit report and even stated as much.

Appellant had requested for an investigation and was given the Name Brenda at the Attorney Generals office in 2009 at which time he was told that there would be an investigation but more than likely the Oblige in the divorce had been paid the money and that if that were the case then appellant needed to recover the money from her. Well in pleading for a dismissal in Justice of the Peace #2 the defense attorney Mr. Gonzalez stated that the $11,000 in question had been paid to the appellant's ex-wife and that he needed to sue her to recover it and that the OAG didn't have it. So appellant has claimed administrative remedy as finally being exhausted with the online request from the Office of The Chief Ombudsman in the AOG's office dated March 31, 2014 at which time the limitations should have begum giving just 120 days for the filing in court. It clearly states that all administrative avenues must be exhausted before a claim can be brought in

court against the state to recover property or damages. So it is the appellant's opinion that the limiting time was tolling until the final request to the final authority had been made in that unit. By the filing in the correct court of jurisdiction on September 22, 2014 was be tolling from the court which was filed in July in Comal county that didn't have jurisdiction and the filing needed to be changed to the individual of the person responsible for that unit and citing the stripping doctrine given the permission from the state to sue because a crime had been committed by the filing of a fraudulent lien in the amount of $5140.00 against the appellant after he had over $16,000 seized from his Social Security Disability pay when he only owed a court order for support in the amount of $190 a month from May, 2002 through December, 2004 for a total of $5,400. Less two money order payments for $190.00 each where appellant still has the paper receipts with obliges signature as receiving them.

Appellant was not even remotely surprised that the judge would find in favor of the defense and Dismiss the case with prejudice as he even went on to state that this issue has been adjudicated and he can not file it again ever.

Because of the nature of this case and the unusual circumstances surrounding the seizure of over $10,000.00 from Federal Benefits plaintiff is and will file every necessary document to get this issue adjudicated and to be compensated for the acts that were done to seize his disability payments he worked to qualify for as a benefit and not welfare.

The order of termination is another document that plaintiff was unable to locate in the clerks database and will supply the screenshot showing as can't be located.

Plaintiff has stated the reason seeking Sanctions against the Assistant Attorney General for Perjury claiming no prior knowledge of the reason for plaintiffs suit and needing time to respond in kind.

Plaintiff asks the court to sanction the Office of the Attorney General for 2 violations of Tex. R. Civ. P sec.1 rule 592., 592a., 596, 595a., 599., and 608.
and 2 violations  Title 2 chapter 12

SUBTITLE A. GENERAL PROVISIONS

CHAPTER 12. LIABILITY RELATED TO A FRAUDULENT COURT RECORD OR A FRAUDULENT LIEN OR CLAIM FILED AGAINST REAL OR PERSONAL PROPERTY

Sec. 12.001. DEFINITIONS. In this chapter:

(1) "Court record" has the meaning assigned by Section 37.01, Penal Code.

(2) "Exemplary damages" has the meaning assigned by Section 41.001.

(2-a) "Filing office" has the meaning assigned by Section 9.102, Business & Commerce Code.

(2-b) "Financing statement" has the meaning assigned by Section 9.102, Business & Commerce Code.

(2-c) "Inmate" means a person housed in a secure correctional facility.

(3) "Lien" means a claim in property for the payment of a debt and includes a security interest.

(4) "Public servant" has the meaning assigned by Section 1.07, Penal Code, and includes officers and employees of the United States.

(5) "Secure correctional facility" has the meaning assigned by Section 1.07, Penal Code.

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.001 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Amended by:

Acts 2007, 80th Leg., R.S., Ch. 895 (H.B. 2566), Sec. 1, eff. September 1, 2007.

Sec. 12.002.  LIABILITY.  (a)  A person may not make, present, or use a document or other record with:

(1)  knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2)  intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property;  and

(3)  intent to cause another person to suffer:

(A)  physical injury;

(B)  financial injury;  or

(C)  mental anguish or emotional distress.

(a-1)  Except as provided by Subsection (a-2), a person may not file an abstract of a judgment or an instrument concerning real or personal property with a court or county clerk, or a financing statement with a filing office, if the person:

(1)  is an inmate; or

(2)  is not licensed or regulated under Title 11, Insurance Code, and is filing on behalf of another person who the person knows is an inmate.

(a-2)  A person described by Subsection (a-1) may file an abstract, instrument, or financing statement described by that subsection if the document being filed includes a statement indicating that:

(1)  the person filing the document is an inmate; or

(2)  the person is filing the document on behalf of a person who is an inmate.

(b)  A person who violates Subsection (a) or (a-1) is liable to each injured person for:

(1)  the greater of:

(A)  $10,000; or

(B)  the actual damages caused by the violation;

(2)  court costs;

(3)  reasonable attorney's fees;  and

(4)  exemplary damages in an amount determined by the court.

(c)  A person claiming a lien under Chapter 53, Property Code, is not liable under this section for the making, presentation, or use of a document or other record in connection with the assertion of the claim unless the person acts with intent to defraud.


Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.002 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Amended by:

Acts 2007, 80th Leg., R.S., Ch. 895 (H.B. 2566), Sec. 2, eff. September 1, 2007.

Acts 2009, 81st Leg., R.S., Ch. 1260 (H.B. 669), Sec. 1, eff. September 1, 2009.

Sec. 12.003.  CAUSE OF ACTION.  (a)  The following persons may bring an action to enjoin violation of this chapter or to recover damages under this chapter:

(1)  the attorney general;

(2)  a district attorney;

(3)  a criminal district attorney;

(4)  a county attorney with felony responsibilities;

(5)  a county attorney;

(6)  a municipal attorney;

(7)  in the case of a fraudulent judgment lien, the person against whom the judgment is rendered;  and

(8)  in the case of a fraudulent lien or claim against real or personal property or an interest in real or personal property, the obligor or debtor, or a person who owns an interest in the real or personal property.

(b)  Notwithstanding any other law, a person or a person licensed or regulated by Title 11, Insurance Code (the Texas Title Insurance Act), does not have a duty to disclose a fraudulent, as described by Section 51.901(c), Government Code, court record, document, or instrument purporting to create a lien or purporting to assert a claim on real property or an interest in real property in connection with a sale, conveyance, mortgage, or other transfer of the real property or interest in real property.

(c)  Notwithstanding any other law, a purported judgment lien or document establishing or purporting to establish a judgment lien against property in this state, that is issued or purportedly issued by a court or a purported court other than a court established under the laws of this state or the United States, is void and has no effect in the determination of any title or right to the property.

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.003 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Amended by:

Acts 2005, 79th Leg., Ch. 728 (H.B. 2018), Sec. 11.104, eff. September 1, 2005.

Sec. 12.004.  VENUE.  An action under this chapter may be brought in any district court in the county in which the recorded document is recorded or in which the real property is located.

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.004 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Sec. 12.005.  FILING FEES.  (a)  The fee for filing an action under this chapter is $15. The plaintiff must pay the fee to the clerk of the court in which the action is filed. Except as provided by Subsection (b), the plaintiff may not be assessed any other fee, cost, charge, or expense by the clerk of the court or other public official in connection with the action.

(b)  The fee for service of notice of an action under this section charged to the plaintiff may not exceed:

(1)  $20 if the notice is delivered in person;  or

(2)  the cost of postage if the service is by registered or certified mail.

(c)  A plaintiff who is unable to pay the filing fee and fee for service of notice may file with the court an affidavit of inability to pay under the Texas Rules of Civil Procedure.

(d)  If the fee imposed under Subsection (a) is less than the filing fee the court imposes for filing other similar actions and the plaintiff prevails in the action, the court

may order a defendant to pay to the court the differences between the fee paid under Subsection (a) and the filing fee the court imposes for filing other similar actions.

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.005 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Sec. 12.006.  PLAINTIFF'S COSTS.  (a)  The court shall award the plaintiff the costs of bringing the action if:

(1)  the plaintiff prevails;  and

(2)  the court finds that the defendant, at the time the defendant caused the recorded document to be recorded or filed, knew or should have known that the recorded document is fraudulent, as described by Section 51.901(c), Government Code.

(b)  For purposes of this section, the costs of bringing the action include all court costs, attorney's fees, and related expenses of bringing the action, including investigative expenses.

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997.  Renumbered from Civil Practice & Remedies Code Sec. 11.006 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Sec. 12.007.  EFFECT ON OTHER LAW.  This law is cumulative of other law under which a person may obtain judicial relief with respect to a recorded document or other record.

CERTIFICATE OF SERVICE

I hereby certify that on the 08th day of December, 2014, a copy of the foregoing was served on the following pursuant to the Texas Rules of Civil Procedure:

Scott M. Graydon
Assistant Attorney General
P.O. Box 12584
Austin, Texas 78711,2548

Donna Kay McKinney
Bexar County District Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205-3411
(210) 335-2113

/s/ *Michael Thomas Paul*

Michael Thomas Paul
9123 Easy Street
San Antonio, Texas 78266
210-294-4533

Added by Acts 1997, 75th Leg., ch. 189, Sec. 16, eff. May 21, 1997. Renumbered from Civil Practice & Remedies Code Sec. 11.007 by Acts 1999, 76th Leg., ch. 62, Sec. 19.01(3), eff. Sept. 1, 1999.

Signed in:    Comal County,    Texas
on this date: 12/18/2014.

_____

Michael T. Paul

File Edit View History Bookmarks Tools Help
eFiling for Texas    ×    eFiling for Texas    ×    Outlook.com    ×    +
https://efile.txcourts.gov    ▾ C    Search
Most Visited    Getting Started    2001 Ford Ranger Wiri...    2a-subject-matter-juri...    BenefitsCheckUp    Bexar County County ...    CashNetUSA (2)    CashNetUSA    CIVIL PRACTICE AND ...    cca.tx Defamation da...    »

EFIL[E]
TXCOURTS

Welcome michael paul

FILINGS    BOOKMARKS    TEM[P]

ase Number    Go    Advanced Search

My Filings    ▾    Filter    Export    ?

**Details**

Attachments    Request_Abstract_Judgment_WritOfExecution for presiding.pdf [Original]    127,981 bytes



## eService Details

| Status | Name/Email | Firm | Served | Date/Time Opened | Log |
|--------|-----------|------|--------|------------------|-----|
| Sent | office of attorney general csd-filer-303@texasattorney | | Yes | Not Opened | View |
| Sent | DRO Legal Enforcement DRO-Legal@tarrantcounty.c[o] | Tarrant County Domestic Relations Office | Yes | 10/6/2014 10:15:04 A[M] | View |

## Request

| | |
|--|--|
| Filing Type | EFileAndServe |
| Filing Code | Request |
| Filing Description | INJUNCTION PREVENTING GREG ABBOTT FROM VIOLATING ANOTHER TEXAS CITIZENS CONSTITUTIONAL RIGHTS F |
| Reference Number | 2001CI16843 |
| Comments | SET IN PRESIDING FOR TEMP INJUNCTION ORDER AND SET FOR 20 DAY HEARING |
| Courtesy Copies | mtp7389@hotmail.com,mtp8389@gmail.com |
| Preliminary Copies | |
| Status | Rejected |

## Fees

| | |
|--|--|
| Court Fee | $0.00 |
| Filing & Service Fee | $0.00 |
| Temporary Injunction Serv | $0.00 |

## Rejection Information

| Rejection Reason | Date / Time | Rejection Comment |
|------------------|-------------|-------------------|
| Incorrect Formatting - | 10/6/2014 8:58 AM | A REQUEST FORM IS NEEDED FOR SERVICES TO BE ISSUED. COPIES OF ALL DOCUMENTS AND AFFIDAVITS OF INABILITY ARE NEEDED FOR SERVICE SINCE THE AFFIDAVIT DOES NOT COVER COPY FEE'S. MARC G |

Print Preview    Close

Case # 2001CI16843
Envelope # 2724712 filed October 0[ ]
Status
Rejected

Case # 2001CI16843
Envelope # 2722954 filed October 0[ ]
Status
Rejected
Rejected

Case # 200[ ]
Envelope # 2724912 filed October 1[ ]
Status
Accepted
Accepted

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Movants pray that the Court grant Movants' Motion to Dismiss on Plea to the Jurisdiction, and that this Honorable Court will dismiss Non-Movant's cause of action with prejudice as to the Movants and any further relief, special or general, at law or in equity, as may be shown that Movants are justly entitled to receive.

Respectfully submitted,

Greg Abbott
Attorney General of Texas

Daniel T. Hodge
First Assistant Attorney General

Randolph V. Gonzalez - SBN: 08131200
Melissa Ramos Munoz - SBN: 00786186
Attorney of Record
Child Support Division
*CHILD SUPPORT UNIT 0201E*
*106 S. ST. MARY'S ST., STE. 445*
*SAN ANTONIO TX 78205-3614*
Telephone No. *210-804-6416*
Fax No. *210-930-3625*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the below listed parties or their representatives pursuant to Rule 21a, Texas Rules of Civil Procedure, on the 5th day of September, 2014.

RANDOLPH GONZALEZ
*Attorney of Record*

**Party:**                                          **Attorney for Party:**

MICHAEL T PAUL

BRANDY L WOOLVERTON



NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:    *MICHAEL T PAUL*
CP Name:     *BRANDY L. WOOLVERTON*
OAG Number:  **0010017209**

## CAUSE NUMBER *S214025*

| | | |
|---|---|---|
| MICHAEL THOMAS PAUL | § | IN THE JUSTICE COURT |
| *VS.* | § | PRECINCT NUMBER TWO |
| OFFICE OF THE ATTORNEY GENERAL CHILD | § | |
| SUPPORT DIVISION AND MARY MORTON | § | COMAL COUNTY, TEXAS |

**THE OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION AND MARY MORTON'S TRIAL BRIEF IN SUPPORT OF THE OFFICE OF THE ATTORNEY GENERAL AND MARY MORTON'S MOTION TO DISMISS ON PLEA TO THE JURISDICTION**

### TO THE HONORABLE JUDGE OF SAID COURT:

The OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION and it's employee, MARY MORTON, (hereinafter Movants) filed a plea to the jurisdiction objecting to the court's exercise of subject matter jurisdiction over the cause of action as alleged by Plaintiff's, MICHAEL THOMAS PAUL's, (hereinafter Non-Movant) Revised Petition and requests the Court to dismiss Plaintiff's cause of action on the Plea to the Jurisdiction, and in support thereof, shows the Court the following:

## I.
## FACTS/PROCEDURAL HISTORY

A.    On August 11, 2014, Non-Movant, MICHAEL THOMAS PAUL, filed his lawsuit alleging over payments on court ordered child support payments to the custodial parent for over a three year period. Non-Movant seeks monetary relief from the Movants, in the amount of $10,000 plus damages for 'REAL PHYSICAL HARM" and statutory interest and court costs.

B.    Non-Movant alleges that Movants provided child support services to the custodial parent and continued to withhold support after the support obligation legally terminated.

C.    Non-Movant further alleges that Movants filed a false claim in State District Court to "garner Civil Judgment that appears/appeared on personal Credit Bureau".

D.    Non-Movant does not plead facts indicating a constitutional provision or statute that clearly and unambiguously waives sovereign immunity in these various claims.

E.    Non-Movant does not plead facts indicating the Legislature's consent to pursue this suit against the state or a public official.

F.    In their individual capacities, the Movants, and all persons acting on behalf of the State of Texas participating in this cause have sovereign and official or quasi-judicial immunity from suits or liability for attorney's fees,

such officials to comply with the law, while binding on the State, does not attempt to exert control over the State. *Id.* at 372-73 (emphasis added).

B.    To assert such a valid ultra vires claim, the claimant "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372.   Otherwise, the suit, even if seeking only prospective declaratory or injunctive relief, implicates sovereign immunity because it seeks to control state action. *See id.* However, even if the suit complains of ultra vires actions, the remedy sought cannot have the effect of awarding retrospective monetary relief against the State or other relief that would independently implicate sovereign immunity. *See id.* at 369-76; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515 (Tex. App.--Austin 2010, no pet.).

C.    Thus, sovereign or governmental immunity deprives trial courts of subject-matter jurisdiction over suits for monetary damages or other retrospective monetary relief against government entities and their officers and employees, acting in their official capacity, unless the State expressly consents. *See Heinrich,* 284 S.W.3d at 368, 380 (Tex. 2009); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). This is true regardless whether the claimant has otherwise asserted a valid claim of ultra vires conduct. *See Heinrich*, 284 S.W.3d at 369-76; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality,* 307 S.W.3d 505, 515 (Tex. App.--Austin 2010, no pet.). *Kastner vs. Texas Board of Law Examiners*, 2010 Tex. App. Lexis 6076 (Tex. App.--Austin 2010, no pet.).

### FRAUDULENT CIVIL JUDGMENT CLAIM

A.    The Texas Tort Claims Act provides for a limited waiver of sovereign immunity for non-intentional torts. *Miranda, 133 S.W.3d at 224.; TEX. CIV. PRAC. & REM. CODE §§ 101.001 - 109.* However, under *TEX. CIV. PRAC. & REM. CODE § 101.057(2),* claims arising from intentional torts are excluded from the waiver of immunity. *TEX. CIV. PRAC. & REM. CODE § 101.057(2).* In Non-Movant's Revised Petition Non-Movant pled a cause of action for "filing a false claim" and filing a "fraudulent civil judgment". Fraud is an intentional tort. *See Texas River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App. - San Antonio 2000, *pet. denied*). Additionally, Non-Movant's intentional tort claim of fraud or "false claims" are barred by sovereign immunity because the Texas Tort Claim Act does not provide a waiver of sovereign immunity to these types of claims. Under the Texas Tort Claims Act, there are only three areas in which the State and its agencies waive immunity for torts, *see* TEX. CIV. PRAC. & REM. CODE § 101.021, (1) the operation or use of a motor vehicle, (2) a premises defect, or (3) the use or misuse of property owned or controlled by the State. *See Old South Amusements, Inc.* 2010 Tex. App. Lexis 5450.

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2014, a copy of the foregoing was served on the following pursuant to the Texas Rules of Civil Procedure:

*** COPIES WILL BE GIVEN IN COURT MONDAY MORNING AT 9:00 AM

SINCE THESE EMAIL DELIVERY NOTICES WILL STILL BE IN TRANSIT.

Scott M. Graydon
Assistant Attorney General
P.O. Box 12584
Austin, Texas 78711,2548

Donna Kay McKinney
Bexar County District Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205-3411
 (210) 335-2113

Michael Thomas Paul
9123 Easy Street
San Antonio, Texas 78266
210-294-4533

/s/ *Michael Thomas Paul*

I I 75.00004500372.vl 995                                      2